## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JIM BOB JACKSON, et al.,

                Plaintiffs,

v.                                   CIVIL ACTION NO.   2:11-cv-00410

CMH HOMES, et al.,

                Defendants.


### MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiffs' Motion to Remand and for Attorney Fees.   For the reasons explained below, the Motion is hereby **GRANTED**.

**I.**      **Background**

The plaintiffs in this case allege that CMH Homes, Inc., agreed to perform work on their home in Foster, West Virginia.   According to the Complaint, CMH Homes subcontracted with defendant Greg Carter to perform the work on its behalf.   The plaintiffs allege that the work was completed in an unreasonable and unworkmanlike manner.

The plaintiffs filed this action in the Circuit Court of Boone County, West Virginia, on or about May 31, 2011.   (Notice of Removal [Docket 1], at 1).   On June 9, 2011, CMH Homes removed the case to federal court.   At the time of removal, Defendant Greg Carter had not been served.   On July 8, 2011, Carter was served at a Huntington, West Virginia address.   (Summons Returned Executed [Docket 9]).

## II.      Standard of Review

A defendant may remove a case to federal court if the action is one which could have originally been brought in the district court.   28 U.S.C. § 1441(a).   Removal jurisdiction implicates significant federalism concerns and therefore is to be strictly construed.   *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).   "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).   "If federal jurisdiction is doubtful, a remand is necessary."   *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005).

A district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.   28 U.S.C. § 1332(a).   It is well established that the diversity requirement of § 1332(a) requires complete diversity of citizenship.   *See, e.g., Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990).   Thus, no plaintiff may be a citizen of the same state as any defendant.   *Id.*

## III.     Discussion

### A.   Motion to Remand

In this case, the plaintiffs are West Virginia residents.   Therefore, complete diversity exists only if no defendant is a West Virginia resident.   The removing party, CMH Homes, is a Tennessee corporation with its principal place of business in Tennessee.   However, the plaintiffs claim that the other defendant, Greg Carter, is a West Virginia citizen.   If the plaintiffs are correct, complete diversity does not exist.   *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365

(1978) ("That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (emphasis in original).

CMH Homes has not directly disputed Carter's residency. Instead, it argues that because the Motion to Remand was not filed within thirty days of removal, the Motion is not timely and should be denied regardless of Carter's citizenship. By its terms, however, the thirty day requirement is limited to requests "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Because the plaintiffs' motion is based on lack of subject matter jurisdiction, it is not subject to the thirty day time limit. And even if the motion itself *were* somehow defective, remand would nonetheless be required under 28 U.S.C. § 1447(c), which states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Next, CMH Homes argues that Greg Carter's residency has not been adequately proven. The burden of proving jurisdiction is on the removing party, who "must carry throughout the litigation the burden of showing that he is properly in court." *McNutt v. Gen. Motors Acceptance Corp*, 298 U.S. 178, 189 (1936). CMH Homes has not disputed Carter's West Virginia citizenship; rather, it claims that the plaintiffs should be required to submit additional evidence of residency. However, as the removing party, CMH Homes is required to prove that it is properly in federal court. Thus, the burden of proving Carter's citizenship is on CMH Homes, not on the plaintiffs. Because CMH Homes has not offered any evidence to show that Carter is an out-of-state defendant or even asserted that complete diversity exists, it has not met this burden. The plaintiffs' Motion to Remand asserts that Carter is a West Virginia resident, the record shows that Carter was served in West Virginia, and no claims to the contrary have been made. Based on these facts, the court

- 3 -

**FINDS** that the complete diversity requirement of 28 U.S.C. § 1332(a)(1) is not satisfied. Because complete diversity does not exist, the court **FINDS** that it lacks subject matter jurisdiction and **ORDERS** that the case be remanded.

B.   *Motion for Attorney Fees*

The plaintiffs in this case have requested that the court award costs and attorney fees pursuant to 28 U.S.C. § 1447(c).   Under 28 U.S.C. § 1447(c) , a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."   *Id.*   The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where a party lacked an objectively reasonable basis for seeking removal."   *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005).

In this case, CMH Homes claims that its basis for removal was reasonable because defendant Carter had not been served when the Notice of Removal was filed.   In the Notice of Removal, CMH Homes recognizes that Greg Carter is joined as a defendant and "may or may not be a West Virginia citizen," but nonetheless asserts that there is complete diversity because Carter had not yet been served.   CMH Homes bases this argument on its claim that the procedural nature of the forum defendant rule requires that it be decided conclusively at the time of removal.   The need to remand this case, however, is not based on the forum defendant rule but on the absence of subject matter jurisdiction.   CMH Homes's reliance on the "properly joined and served" language of § 1441(c) and on case law interpreting the forum defendant rule is therefore inapposite.

At the time of removal, defendant Carter was a party to the suit and CMH Homes recognized the possibility that Carter, like the plaintiffs, was a West Virginia citizen.   The fact that Carter had not yet been served at the time of removal is irrelevant to this court's jurisdiction.

Based on these facts, this court **FINDS** that there was no reasonable basis for CM Homes to seek removal in this case, and **FINDS** that there were no unusual circumstances which would preclude an award of attorney fees under § 1447(c).  *Franklin Capital Corp.*, 541 U.S. at 141.   The plaintiffs' Motion for Attorney Fees is hereby **GRANTED**.

For the foregoing reasons, the court **FINDS** that it does not have subject matter jurisdiction over this dispute and orders that the matter be **REMANDED** to the Circuit Court of Boone County, West Virginia.   The plaintiffs' Motion for Attorney Fees is hereby **GRANTED**, and the plaintiffs are **DIRECTED** to file an accounting of fees and costs within ten days of this order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          October 11, 2011

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

- 5 -