**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JIM BOB JACKSON, et al.,

                Plaintiffs,

v.                                     CIVIL ACTION NO.   2:11-cv-00410

CMH HOMES, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

On October 11, 2011, this court issued a Memorandum Opinion and Order [Docket 17] that directed the plaintiffs to submit for review an accounting of attorney's fees and costs.  The plaintiffs have submitted that accounting [Docket 20].  The defendants have not responded, suggesting to the court that they do not dispute the plaintiffs' accounting.  For the reasons discussed below, the court **ORDERS** that the defendant CMH Homes, Inc., pay plaintiffs' counsel reasonable attorney fees of $2,550.00.

**I.     History**

On July 20, 2011, the plaintiffs filed a Motion to Remand, arguing that removal was improper under 28 U.S.C. § 1446(a) because this court lacked subject matter jurisdiction over the case.   In its October 11, 2011, Memorandum Opinion and Order [Docket 17], this court found that CMH Homes had not met its burden of establishing that this court had subject matter jurisdiction over this case.   The court noted that both the plaintiffs and defendant Greg Carter are asserted to be West Virginia citizens and that CMH Homes has not disputed Carter's citizenship.   Thus, both

the plaintiffs and one of the defendants are citizens of the same state and complete diversity does not exist.   Accordingly, the court lacked subject matter jurisdiction and remanded the matter back to the Circuit Court of Boone County, West Virginia.   The court further found that the defendants lacked any objectively reasonable basis for seeking removal and that there were "no unusual circumstances which would preclude an award of attorney fees under § 1447(c)."   (Mem. Op. & Ord., at 5 [Docket 17]).

## II.    Discussion

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)).   In order to determine the reasonableness of the requested hours and rates, the court must be guided by the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 448 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).   *See Grissom*, 549 F.3d at 321 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting the twelve factor test set forth in *Johnson*)).   These factors are used to calculate reasonable hourly rates and a reasonable number of hours expended by counsel, resulting in a "lodestar" fee.[1]

---

[1] The Fourth Circuit Court of Appeals has summarized the *Johnson*  factors as follows: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

The plaintiffs have requested compensation for 8.5 hours of attorney time, and the defendant has not objected.   (Pl.'s Accounting of Attorneys' Fees and Costs [Docket 20], at 1.) After reviewing the *Johnson* factors and the plaintiff's counsel's time entries, the court **FINDS** that 8.5 hours was a reasonable amount of time for counsel to expend in this matter.

The court must next determine whether the hourly rates requested are reasonable.   The plaintiff has submitted an hourly rate of $300.00 for Timothy R. Conaway, and the defendant has not objected to this rate.   After considering the relevant factors, the court has determined that the hourly rate of $300.00 for Timothy R. Conaway is reasonable in this matter.   Accordingly, the lodestar figure in this case is $2,250.50.

"After determining the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones . . . [O]nce the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff."   *Robinson*, 560 F.3d at 244 (internal quotations and citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The product of reasonable hours times a reasonable rate does not end the [attorneys' fees] inquiry.   There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of 'results obtained.'").   All of the hours for which the plaintiff requests compensation relate to the Motion to Remand this case to the Circuit Court of Boone County, a motion which was entirely successful.   Thus, no downward adjustment in the lodestar figure is warranted.   The court likewise finds that there is no basis for an upward adjustment of the lodestar figure.   Accordingly, the court **FINDS** that $2,550.00 is a reasonable award of attorneys' fees in this case.

**III.    Conclusion**

The defendant has not objected to the plaintiffs' accounting and the court determines that $2,550.50 constitutes a reasonable fee for the plaintiff's counsel in successfully seeking remand of this action.   For the foregoing reasons, the court **ORDERS** the defendant CMH Homes to pay plaintiff's counsel reasonable attorneys' fees of $2,550.50.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 8, 2011

Joseph R. Goodwin, Chief Judge